IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN TIMOTHY PRICE,

    **Plaintiff,**

    v.                        CASE NO. 22-3221-JWL-JPO

H. BOYER,

    **Defendant.**

**O R D E R**

Plaintiff, John Timothy Price, who is currently detained at the Douglas County Jail in Lawrence, Kansas ("DCJ"), brings this *pro se* civil rights case.

The Court entered an Order (Doc. 3) denying Plaintiff's motion for leave to proceed *in forma pauperis*, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no showing of imminent danger of serious physical injury. The Court also granted Plaintiff until October 17, 2022, to submit the $402.00 filing fee. The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 3, at 3.) Plaintiff has failed to pay the filing fee by the deadline set forth in the order.

Plaintiff filed a response (Doc. 4) arguing that under 28 U.S.C. § 1915(b)(4), a prisoner is not to be prohibited from bringing a civil action due to the prisoner's inability to pay the initial partial filing fee. However, Plaintiff was not prohibited from bringing this action based on his inability to pay an initial partial filing fee in this case. He was denied leave to proceed *in forma pauperis* because he is a three-strikes litigant. Subsection (g) provides that "in no event shall a prisoner bring a civil action . . . under this section if the prisoner" is a three-strikes litigant. 28 U.S.C. § 1915(g).

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated October 21, 2022, in Kansas City, Kansas.


          <u>S/ John W. Lungstrum</u>
          JOHN W. LUNGSTRUM
          UNITED STATES DISTRICT JUDGE